**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

TIMOTHY ADAM VALDEZ,

       Plaintiff,

v.                                                                      No. 1:26-cv-00790-SCY

HEIDI ADAMS,

       Defendant.

**ORDER TO CURE DEFICIENCY AND
ORDER TO SHOW CAUSE**

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Criminal Complaint &

Report of Official Misconduct by 10th Judicial Deputy District Attorney Heidi Adams, Doc. 1,

filed March 16, 2026 ("Complaint").

**Order to Cure Deficiency**

Federal law requires that the Clerk of Court "require the parties instituting any civil

action, suit or proceeding in such court ... to pay a filing fee of $350 ... [and] such additional fees

only as are prescribed by the Judicial Conference of the United States." 28 U.S.C. §§ 1914(a, b).[1]

The Court "may authorize the commencement, prosecution or defense of any suit, action or

proceeding civil or criminal, or appeal therein, without prepayment of fees or security therefor,

by a person who submits an affidavit that includes a statement of all assets such [person]

possesses that the person is unable to pay such fees or give security therefor."

28 U.S.C. § 1915(a)(1).

---

[1] The fee for instituting any civil action, suit or proceeding is comprised of a $350.00 filing fee, *see* 28 U.S.C. §1914, and a $55.00 administrative fee.

Plaintiff has not paid the $405.00 fee or filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form).  The Court orders Plaintiff to either pay the fee or file a Long Form Application.  The "Guide for Pro Se Litigants," which the Court mailed to Plaintiff on March 16, 2026, contains the form "Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)."

**Order to Show Cause**

Plaintiff asserts allegations of "Cross Jurisdictional Fraud on the Court, Tampering with Public Records, and Violation of Constitutional Due Process."  Complaint at 1.  Plaintiff, who has been sentenced to probation, alleges that Defendant deprived him of "liberty through the use of fraudulent legal documents" by "issue[ing] false warrants" and has violated New Mexico Rules regarding special responsibilities of a prosecutor and candor toward the tribunal.  Complaint at 1-2.  Plaintiff requests "a criminal investigation into the Conduct of [Defendant] Heidi Adams, District Attorney for the Tenth Judicial District."  Complaint at 1.

The Court has identified some deficiencies in the Complaint, described below, and orders Plaintiff to show cause why the Court should not dismiss this case.  *See Lowrey v. Sandoval County Children Youth and Families Department,* 2023WL4560223 *2 (10th Cir. July 17, 2023) (stating: "Given a referral for non-dispositive pretrial matters, a magistrate judge may point out deficiencies in the complaint [and] order a litigant to show cause") (citing 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P.  72(a)).

First, it appears the Court lacks jurisdiction over Plaintiff's claims because the Complaint does not identify the federal statutory or constitutional provision under which Plaintiff's claim arises, for example whether the due process claim arises under the New Mexico Constitution, the United States Constitution or both.  *See Davison v. Grant Thornton LLP*, 582 Fed.Appx. 773,

775 (10th Cir. 2014) ("The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law.") (quoting *Martinez v. U.S. Olympic Committee*, 802 F.2d 1275, 1280 (10th Cir. 1986)).  Nor does the Complaint allege sufficient facts showing that the due process claim arises under federal law.  *See, for example, Denver Homeless Out Loud v. Denver, Colorado*, 32 F.4th 1259, 1276 (10th Cir. 2022) ("This court asks two questions when considering a procedural-due-process claim: (1) Did the plaintiff possess a protected property or liberty interest to which due process protections apply? And if so, (2) was the plaintiff afforded an appropriate level of process?"); *Onyx Properties LL v. B. of County Comm'rs of Elbert County*, 838 F.3d 1039, 1043 (10th Cir. 2016) ("The essence of procedural due process is the provision to the affected party of *some* kind of notice and ... *some* kind of hearing").

Second, it appears that Plaintiff's claims against Defendant may be barred by prosecutorial immunity.  "Prosecutors are entitled to absolute immunity for their decisions to prosecute, their investigatory or evidence-gathering actions, their evaluation of evidence, their determination of whether probable cause exists, and their determination of what information to show the court."  *Chilcoat v. San Juan County*, 41 F.4th 1196, 1209 (10th Cir. 2022) (quoting *Nielander v. Bd. of Cnty. Comm'rs*, 582 F.3d 1155, 1164 (10th Cir. 2009).

Third, it appears the Complaint fails to state a claim for the relief Plaintiff requests, a criminal investigation into Defendant's conduct.  "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."  *Diamond v. Charles*, 476 U.S. 54, 64 (1986).

The Court notifies Plaintiff that if the Court dismisses Plaintiff's federal law claims, the Court may decline to exercise supplemental jurisdiction over Plaintiff's state law claims and

dismiss this case. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction"); *Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1238 (10th Cir. 2020) ("The Supreme Court has encouraged the practice of dismissing state claims or remanding them to state court when the federal claims to which they are supplemental have dropped out before trial").

The Court orders Plaintiff to show cause why the Court should not dismiss this case for the reasons stated above. If Plaintiff agrees with the Court's analysis regarding these deficiencies in his Complaint, rather than show cause, he may amend his Complaint. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what *each* defendant did to him or her; when [*each*] defendant did it; how [*each*] defendant's action harmed him or her; and, what specific legal right the plaintiff believes [*each*] defendant violated.") (emphasis added). The amended complaint must comply with the Federal and Local Rules of Civil Procedure.

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

Failure to comply with Court Orders and the Federal and Local Rules of Civil Procedure interferes with the judicial process and may result in monetary and non-monetary sanctions

4

including filing restrictions and dismissal of this case. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action"); *Gustafson v. Luke*, 696 Fed.Appx. 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

**Compliance with Rule 11**

The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives.  *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i)     Plaintiff shall, within 21 days of entry of this Order, either pay the $405.00 fee or file an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form).  Failure to timely pay the $405.00 fee or file a Long Form Application, *and* follow all instructions in the Long Form Application, may result in dismissal of this case.

(ii)    Plaintiff shall, within 21 days of entry of this Order: (a) show cause why the Court should not dismiss this case or (b) file an amended complaint.  Failure to timely show cause or file an amended complaint may result in dismissal of this case.

_____
**UNITED STATES MAGISTRATE JUDGE**