IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TIMOTHY ADAM VALDEZ,

      Plaintiff,

v.                                  No. 1:26-cv-00790-MIS-SCY

HEIDI ADAMS,

      Defendant.

## <u>ORDER OF DISMISSAL</u>

On March 16, 2026, Plaintiff filed a "Criminal Complaint & Report of Official Misconduct by 10th Judicial Deputy District Attorney Heidi Adams" ("Complaint") alleging "Cross Jurisdictional Fraud on the Court, Tampering with Public Records, and Violation of Constitutional Due Process." ECF No. 1. Plaintiff, who has been sentenced to probation, alleges that Defendant, a state district attorney, deprived him of "liberty through the use of fraudulent legal documents" by "issu[ing] false warrants" and has violated New Mexico Rules regarding special responsibilities of a prosecutor and candor toward the tribunal. *Id.* at 1-2. Plaintiff requests "a criminal investigation into the Conduct of [Defendant] Heidi Adams, District Attorney for the Tenth Judicial District." *Id.* at 1.

On March 24, 2026, United States Magistrate Judge Steven C. Yarbrough issued an Order identifying some deficiencies in the original Complaint and ordering Plaintiff to either show cause why the Court should not dismiss this case or file an amended complaint. *See* Order to Show Cause at 4, 6, ECF No. 3 (notifying Plaintiff of apparent lack of jurisdiction because the Complaint does not identify the federal statutory or constitutional provision under which Plaintiff's claim arises, claims may be barred by prosecutorial immunity, Complaint fails to state a claim for a criminal investigation into Defendant's conduct).

On April 7, 2026, Plaintiff filed a "Notice of Filing: Amended Civil Rights Complaint and Summary of Claims" which the Clerk's Office docketed as an Amended Complaint. *See* ECF No. 4. The Notice of Filing appears to be a transmittal letter which provides summaries of the federal statutes, constitutional amendments, and state and local rules allegedly violated and states Plaintiff's Amended Verified Civil Rights Complaint and other documents are enclosed. *See id.* at 1-2. The Amended Verified Civil Rights Complaint and the other documents were not included with the Notice of Filing.

On April 9, 2026, Judge Yarbrough ordered Plaintiff to file the Amended Complaint within 21 days and notified Plaintiff that failure to timely file an amended complaint may result in dismissal of this case. *See* ECF No. 6 at 3. Plaintiff did not file an amended complaint by the April 30, 2026, deadline.

The Court concludes it does not have jurisdiction over this case because the Complaint does not contain, and Plaintiff did not file an amended complaint containing, allegations to support federal question jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction").

The Court dismisses this case without prejudice for lack of jurisdiction and because Plaintiff has not complied with Judge Yarbrough's Order to file an amended complaint. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.") (emphasis in original); Fed. R. Civ. P. 41(b)

("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action"); *Gustafson v. Luke*, 696 F. App'x 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE